```
                    UNITED STATES DISTRICT COURT
                 FOR THE WESTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION
```

LISA CARROLL,
    PLAINTIFF,

CASE NO. 1:20-CV-_____

VS.

HON. _____

LAUREL HEALTH CARE COMPANY,
    DEFENDANT.

_____

Jason R. Pelak (P79618)
**Attorney for Plaintiff**
700 Milam Street, Suite 1300
Houston, TX 77002
Phone (832) 871-5031
Email jason@pelaklaw.com

_____

## **COMPLAINT**

The plaintiff Lisa Carroll, by and through her attorney Jason R. Pelak, for actions arising under the Family Medical Leave Act of 1993, in connection with her protected activity and subsequent termination by Laurel Health Care Company, states as follows.

### *JURISDICTIONAL ALLEGATIONS*

1. The plaintiff Lisa Carroll is an individual who resided and was employed in Branch County, Michigan, at all times relevant to this complaint.

2. The defendant Laurel Health Care Company was an employer at all times relevant to this complaint in Branch County, Michigan.

3. This case arises under and the Family Medical Leave Act of 1993, 29 USC §2601 *et seq.*

4. This case arises out of the defendant's employment and discharge of the plaintiff in the Summer of 2019 in Branch County, Michigan.

5. The Court has federal-question jurisdiction for the claims as alleged under the Family Medical Leave Act of 1993. 28 USC §1331.

*JURY DEMAND*

6. The plaintiff hereby requests a trial by jury for all issues that may be submitted to the same.

*COMMON ALLEGATIONS*

7. The plaintiff Lisa Carroll began working for the defendant approximately in 2003. She was employed as a Certified Nurse Aide or CNA.

8. In or around 2013, Ms. Carroll began working elsewhere until returning to work for the defendant again about one year later. She continued to be employed as a CNA for the defendant, at a different location.

9. During the time of her employment with the defendant, and through her termination, Ms. Carroll did a good job for it.

10. During the first half of 2019, Ms. Carroll suffered from depression and emotional distress.

11. Ms. Carroll requested from defendant that she be put on FMLA after being prompted by staff coordinator Fanesse Barton.

12. At all relevant times, the defendant was an employer subject to the requirements of FMLA with at least 50 employees.

13. At all relevant times, Ms. Carroll was an eligible employee under the FMLA having worked at least 1,250 hours during the prior 12-months prior to the start of leave.

14. Ms. Barton stated Ms. Carroll may use FMLA and directed her to speak to Kim Hadfield who is with payroll.

15. Ms. Carroll spoke with Ms. Hadfield, and was instructed to take FMLA papers to her doctor.

16. Ms. Carroll spoke with her doctor, and brought the FMLA papers with her. Her doctor then completed those papers and had them returned to the defendant.

17. Thereafter, Ms. Carroll took two weeks off from the defendant. During that time, Ms. Barton stated to Ms. Carroll that she needed to obtain a doctor slip to return to work.

18. On 7/22/19, Ms. Carroll returned to work with a doctor slip. Ms. Carroll then worked during this entire week.

19. During the following week, Ms. Carroll required two days off related to her condition and adjusting to new medications. The two days Ms. Carroll took off were 8/1 and 8/2.

20. As of 8/1, Ms. Carroll's cell phone service was shut-off and she was then unable to call the defendant at the number provided by the defendant with her phone. Ms. Carrol was able to and did text her supervisor on 8/1 asking if she was "still good with my medical leave?", and that she "had a horrible headache all day and cant even think straight can i possibly come in at 6", and "As long as im feeling better".

21. In the past, Ms. Carroll would also notify the defendant for days off, or switching days, by text message service and would not be disciplined.

22. The following day, on 8/2/2019, Ms. Carroll again communicated with her phone as best as she could by text that she was taking another medical day.

23. On 8/5/2019, the defendant disciplined Ms. Carroll for failure to follow the call-in policy.

24. The defendant terminated Ms. Carroll on 8/5/2019.

25. As a result of the discharge by the defendant, Ms. Carroll has suffered severe damages, including losses of income, and other consequential damages.

26. All conditions precedent have been performed or have occurred.

### COUNT 1 – FMLA INTERFERENCE

27. The plaintiff restates and realleges as though fully set forth herein all previous paragraphs of this complaint.
28. The defendant discharged, interfered, or otherwise discriminated against Ms. Carroll as an eligible employee that took qualified leave under the FMLA.
29. As a result, Ms. Carroll has suffered and will continue to suffer damages set forth above.
30. This claim is actionable under the Family Medical Leave Act of 1993, 28 USC § 2601 *et seq.*
31. **WHEREFORE,** the plaintiff requests that this Court enter a Judgment in her favor against the defendant, in whatever amount she is shown to be entitled to including actual damages, lost income, and additional liquidated damages equal to lost income, together with interest, costs, attorney fees, and any other relief as the Court deems warranted.

### COUNT 2 – FMLA RETALIATION

32. The plaintiff restates and realleges as though fully set forth herein all previous paragraphs of this complaint.

33. The defendant retaliated against Ms. Carroll in connection with her protected activity under the Family Medical Leave Act.

34. As a result, Ms. Carroll has suffered and will continue to suffer damages set forth above.

35. This claim is actionable under the Family Medical Leave Act of 1993, 28 USC § 2601 *et seq.*

36. **WHEREFORE,** the plaintiff requests that this Court enter a Judgment in her favor against the defendant, in whatever amount she is shown to be entitled to including actual damages, lost income, emotional distress, inconvenience, mental anguish, and additional liquidated damages equal to lost income, together with interest, costs, attorney fees, and any other relief as the Court deems warranted.

Dated: __5/7/2020__

Respectfully submitted,

_____
Jason R. Pelak (P79618)
700 Milam Street, Suite 1300
Houston, TX 77002
Phone (832) 871-5031
Email jason@pelaklaw.com

**ATTORNEY FOR PLAINTIFF**